UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CIRCLE Y OF YOAKUM, TEXAS, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Case No 03-12465 (MFW) |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| Plaintiff, | ) | Adv. Pro. No. 05-52249 (MFW) |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY J. KAUCHEK, | ) | |
| Defendant. | ) | |
| | ) | |

**LARRY J. KAUCHEK'S REPLY TO TRUSTEE'S RESPONSE TO
DEFENDANT'S MOTION TO WITHDRAW
THE REFERENCE TO THE BANKRUPTCY COURT**

Defendant Larry J. Kaucheck ("Kaucheck") hereby replies to the Trustee's Response to Defendant's Motion to Withdraw the Reference to the Bankruptcy Court as follows:

**Procedural Background**

1.    On January 27, 2006, Kaucheck moved this Court to withdraw the reference to the Bankruptcy Court (the "Motion").

2.    On March 9, 2006, the Chapter 7 Trustee (the "Trustee") filed a response to Kaucheck's Motion (the "Trustee's Response") stating that he did not object to the Motion "and agrees that such withdrawal may be appropriate as a result of [Kaucheck's] jury demand." (Trustee's Response ¶ 1).

{10013113.DOC}

3.      However, the Trustee suggests that the Bankruptcy Court should continue to preside over this case throughout the pre-trial period, including discovery, until such time as the case is ripe for trial.  (Trustee's Response ¶ 1).

4.      Accordingly, the only issue before this Court is when the transfer to the United States District Court should occur.

I.      **Transferring the Proceeding Prior to Discovery Conserves Party and Judicial Resources.**

5.      The Trustee has cited a number of cases that stand for the proposition that a court's decision on when to transfer a case should be guided by the pursuit of judicial economy and the conservation of judicial and party resources.  See, e.g., Big V. Holding Corp. v. C&S Wholesale Grocers, Inc., 2002 WL 1482392 (D. Del. 2002); General Electric Capital Corp. v. Teo, 2001 WL 1715777, *5 (D. N.J. 2001).

6.      In particular, the Trustee attached as exhibits to the Trustee's Response two cases in which courts permitted matters to proceed through discovery in the Bankruptcy Court.  In both cases, however, the courts reached this conclusion based on facts entirely inapposite to those presented by the instant matter.

7.      Specifically, Big V. Holding Corp. v. C&S Wholesale Grocers, Inc., attached as Exhibit A to the Trustee's Response, is distinguishable from the instant matter on a number of bases.  See 2002 WL at *2-4.  There, the action sought to be removed was an adversary proceeding between two non-debtors where the central issue in the case was the debtor's termination of an agreement with one party.  The debtor had previously filed a declaratory judgment action relating to the termination, which had been decided by the Bankruptcy Court.  In that decision, the Bankruptcy Court made specific findings that would impact the claims in the adversary proceeding.  Additionally, the District Court

noted that "numerous scheduling and pretrial conference disputes" *had already taken place in the Bankruptcy Court* and that the action that the defendant sought to withdraw was *inextricably intertwined* with several proceedings and matters (in addition to the declaratory judgment action) already before the Bankruptcy Court. Id. at *2. Indeed, in Big V. Holding Corp., the Bankruptcy Court judge expressly stated "'I think this is a three party dispute that should be dealt with together.'" Id. Additionally, the Big V. Holding Corp. decision was guided by the "crucial" fact that the defendant *had not requested a jury trial*. In contrast, in the instant action, Defendant Kaucheck expressly requested a jury trial within his Motion. Accordingly, the District Court denied the motion to withdraw the reference.

8.    General Electric Capital Corp. v. Teo, attached as Exhibit B to the Trustee's Response, is similarly inapposite. In Teo, the adversary proceeding sought to be removed was a claim by a non-debtor asserting that the defendant wrongfully directed that the debtor's inventory (which was also plaintiff's collateral) be returned to third parties. While the debtor was not a party to that action, it did assert 12 preference claims against the third parties that received the inventory. By the time the motion to withdraw the reference was presented, the Bankruptcy Court already had considerable familiarity with the issues in the case. Id. ("the issues present in the case for at least the last … four to six moths … [are] area[s] of great familiarity to the Court."). Moreover, there was "substantial factual overlap between [the dispute in which the defendant sought to withdraw the reference] and the twelve vendor preference suits currently pending in the Bankruptcy Court…." Id. at *5. Thus, resources could be conserved by engaging in coordinated discovery in the Bankruptcy Court. Id. At *6. The court was further *guided*

by the fact that the dispute had the potential to seriously impact the underlying bankruptcy proceedings. Id. Thus, the motion to withdraw the reference was denied.

9.    Unlike the cases cited in the Trustee's Response, judicial economy does not favor retaining the instant proceeding in Bankruptcy Court until the close of discovery. Indeed, here there have been no scheduling and/or discovery disputes, and the Bankruptcy Court has not had reason to become immersed in the issues of this case. In fact, the Motion was the first matter presented to the Bankruptcy Court in this proceeding and the Scheduling Order in this case specifically avoids having the parties engage in *any* discovery until a decision is made on the Motion, thereby avoiding the possibility that the Bankruptcy Court become immersed in this issue in this proceeding.

10.    Nor is this proceeding intertwined with other matters that will remain in the Bankruptcy Court. Kaucheck has filed his removal papers in conjunction with those of three other defendants against whom the Trustee has brought related actions. In particular, the claims asserted in these four actions are against insiders or parties related to those insiders. The facts of these four cases are very specific to the claims alleged in these cases. Thus, there is no argument to be made that these four cases will have an impact upon (or should be adjudicated with) any other case pending in the Bankruptcy Court.

11.    Under these circumstances, where no discovery has taken place and the issues do not depend on other cases before the Bankruptcy Court for their efficient resolution, judicial economy is not served by maintaining a portion of the action in Bankruptcy Court, only to subsequently be transferred to the District Court for the trial of this matter.

12.    Rather, withdrawing the reference prior to any discovery in this matter ensures that only one court is required to familiarize itself with the facts and claims at issue in this proceeding, and, in doing so, promotes efficiency and preserves judicial resources.

WHEREFORE, Kaucheck prays for an order withdrawing the reference as of the date of the decision on the Motion to Withdraw, in advance of any discovery in this matter, and for all other relief this Court deems just and proper.

Dated:  April 10, 2006                         Respectfully submitted,

                                               LARRY J. KAUCHECK,

                                               By his attorneys,


By: _____
    Kathleen M. Miller (2898)
    Smith, Katzenstein & Furlow LLP
    800 Delaware Ave.
    Wilmington, DE 19899
    302-652-8400

    and

    Michael J. Tuteur, pro hac status pending
    Erica Templeton Spencer, pro hac status pending
    Foley & Lardner LLP
    111 Huntington Avenue
    Boston, Massachusetts 02199
    617-342-4000

{10013113.DOC}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **10th** day of **April 2006**, a copy of the foregoing

*Larry J. Kaucheck's Reply to Trustee's Response to Defendant's Motion to Withdraw the*

*Reference to the Bankruptcy Court* was served on the following by hand delivery:

George R. Tsakataras, Esq.
COOCH and TAYLOR
824 Market Street
Suite 1000
P.O. Box 1680
Wilmington, Delaware 19899-1680

/s/ Kathleen M. Miller

10009618.WPD